11th Court of Appeals
Eastland, Texas
Opinion
 
Billy Joe Terry
            Appellant
Vs.                  No. 11-03-00284-CR – Appeal from Midland County
State of Texas
            Appellee
 
            The jury convicted Billy Joe Terry of possession of one or more but less than four grams of
cocaine. The trial court assessed his punishment at confinement for 10 years. However, the
imposition of the sentence was suspended, and the trial court placed appellant on community
supervision for 5 years. We affirm.
            Appellant’s court-appointed counsel has filed a brief in which he states that he has reviewed
the record, researched the applicable law, and concluded that there are no non-frivolous issues to
raise. Following the procedures outlined in Anders v. California, 386 U.S. 738 (1967), and Gainous
v. State, 436 S.W.2d 137 (Tex.Cr.App.1969), counsel presents two potential points for review. 
            First, counsel contends that appellant was denied effective assistance of counsel. 
Specifically, appellate counsel argues that trial counsel failed to call any witnesses and failed to offer
any additional evidence in an attempt to mitigate punishment.
            In order to determine whether appellant’s trial counsel rendered ineffective assistance at trial,
we must first determine whether appellant has shown that counsel’s representation fell below an
objective standard of reasonableness and, if so, then determine whether there is a reasonable
probability that the result would have been different but for counsel’s errors. Strickland v.
Washington, 466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999). We
must indulge in a strong presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance; and appellant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound trial strategy. Stafford v. State, 813 S.W.2d 503,
508-09 (Tex.Cr.App.1991).
            The record reflects that only two witnesses testified at trial: Midland Police Officer Randy
Paul Johnson and appellant. Officer Johnson described how he performed a traffic stop on the
vehicle appellant was driving at 2:43 a.m. There was an outstanding warrant for appellant’s arrest
for theft by check, and Officer Johnson placed him under arrest. Officer Johnson transported
appellant to the Central Detention Center and parked in a secure, enclosed area. Officer Johnson had
appellant step out of the patrol car and stand toward the back of the car. According to procedure,
Officer Johnson checked the back seat of the patrol car. Officer Johnson found a clear plastic bag
containing 4 rocks of crack cocaine. Officer Johnson stated that the cocaine was not present in his
patrol vehicle before he arrested appellant. Officer Johnson also stated that the area of town where
he stopped appellant was “known for narcotic activity,” particularly the sale of crack cocaine. The
record reflects that the rocks Officer Johnson found contained 3.47 grams of cocaine.
            Appellant testified that he was 40 years old, that he had worked in oil fields since he was 15,
and that he was on his way to start a new job when he was stopped. Appellant stated that the car he
was driving had an expired license tag and an expired inspection sticker. He had hit a deer with the
vehicle, and the lens on one of the back reflectors of his car had been “knocked off.” Appellant
stated that all of his belongings were in the back of the vehicle and that he was traveling at night
because of the condition of his vehicle. 
            Appellant stated that, even though Officer Johnson testified that he had patted appellant
down, Officer Johnson did not search him. Appellant stated that he had never seen the rocks of
cocaine before. Appellant also testified that he was aware at the time of the stop in October 2002
that there was an outstanding theft by check warrant out on him. Appellant stated that he had the
following prior convictions: a 1994 conviction for theft of $20 or more but less than $200; a 1996
conviction for domestic violence; a 1996 conviction for theft of $20 or more but less than $200; a
2001 conviction for theft of $20 or more but less than $500; and a 2002 conviction of a Class B theft
as well as prior convictions for driving while intoxicated and driving while his license was
suspended. Appellant also testified that he was “not good with a checkbook.”
            At punishment, appellant testified that the cocaine was not his, that he had four minor
children, that his monthly child support obligation was $1,200.00, that the money was distributed
to three different women, that his gross monthly income at the time of trial was $3,400.00, and that
he was driving a crude oil truck for a living. 
            The record does not reflect that trial counsel failed to provide reasonable assistance of
counsel. Trial counsel actively participated in all phases of the trial. The record supports the
presumption that trial counsel’s actions were based on sound strategy. Counsel requested that the
trial court place appellant on community supervision, and the trial court followed counsel’s
recommendation. The first potential point is overruled.
            Next, appellate counsel contends that appellant was denied his federal and state constitutional
right to counsel as well as his statutory rights under TEX. CODE CRIM. PRO. ANN. art. 1.04
(Vernon 1977). We disagree. Appellant was represented by counsel at all phases of the trial. While
both the Constitution of the United States of America and the Texas Constitution as well as Texas
statutory law provide that defendants in criminal proceedings have a right to counsel, this right to
counsel is a right to reasonably effective representation not flawless or perfect representation. 
Strickland v. Washington, supra; Hernandez v. State, supra. As stated above, the record reflects that
appellant did receive reasonably effective assistance of counsel at trial. The second potential point
is overruled.
            Counsel has furnished appellant with a copy of the brief and has advised appellant of his right
to review the record and file a pro se brief. A pro se brief has been filed. Counsel has complied with
the procedures outlined in Anders v. California, supra; Stafford v. State, supra; High v. State, 573
S.W.2d 807 (Tex.Cr.App.1978); Currie v. State, 516 S.W.2d 684 (Tex.Cr.App.1974); and Gainous
v. State, supra.
            In his pro se brief, appellant argues that Officer Johnson did not search him, that he only had
$2.93 in his pockets at the time, that Officer Johnson would have found the cocaine if he had had
it in his pockets, and that neither his trial counsel nor the State had produced a copy of the
surveillance tape of his arrest. Appellant also discusses his meetings with his trial counsel and states
that trial counsel said he was paid $500.00 for a conviction and $300.00 for a dismissal. Appellant
complains that he had a witness who would have testified in his behalf but was never called. 
Appellant also expresses concerns that the cocaine was tampered with and possibly never tested and
that his trial counsel did not want housewives on the jury.
            Appellant appears to be challenging the effectiveness of the trial strategies of his trial coun-sel. As stated above, the record reflects that trial counsel afforded reasonably effective assistance. 
These arguments are overruled.
            Appellant also appears to be challenging the sufficiency of the evidence. In order to
determine if the evidence is legally sufficient, we must review all of the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In order to determine if the evidence
is factually sufficient, we must review all of the evidence in a neutral light and determine whether
the evidence supporting guilt is so weak that the verdict is clearly wrong and manifestly unjust or
whether the evidence contrary to the verdict is so strong that the beyond-a-reasonable-doubt burden
of proof could not have been met. Zuniga v. State, No. 539-02, 2004 WL 840786 (Tex.Cr.App.
April 21, 2004); Ross v. State, 133 S.W.3d 618 (Tex.Cr.App.2004); Vasquez v. State, 67 S.W.3d
229, 236 (Tex.Cr.App.2002); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997); Clewis v. State,
922 S.W.2d 126 (Tex.Cr.App.1996).
            The jury, as the finder of fact, is the sole judge of the weight and credibility of the witnesses’
testimony. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981). We review
the fact finder’s weighing of the evidence and cannot substitute our judgment for that of the fact
finder. Cain v. State, supra; Clewis v. State, supra. Due deference must be given to the jury’s
determination, particularly concerning the weight and credibility of the evidence. Johnson v. State,
supra; Jones v. State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den’d, 522 U.S. 832 (1997). This
court has the authority to disagree with the fact finder’s determination “only when the record clearly
indicates such a step is necessary to arrest the occurrence of a manifest injustice.” Johnson v. State,
supra at 9.
            When reviewed in the light most favorable to the verdict, the evidence is legally sufficient
to support the jury’s finding that appellant possessed the crack cocaine found in the back seat of
Officer Johnson’s patrol car. When all of the evidence is viewed in a neutral light, the evidence
supporting guilt is neither so weak as to render the conviction clearly wrong and manifestly unjust
nor so greatly outweighed by the overwhelming weight of contrary evidence as to render the con-viction clearly wrong and manifestly unjust. The evidence is, then, both legally and factually
sufficient to support the conviction.
            All of appellant’s arguments and concerns in his pro se brief have been considered. Each is
overruled.
            Following the procedures outlined in Anders, we have independently reviewed the record. 
We agree that the appeal is without merit.
            The judgment of the trial court is affirmed.
 
                                                                                    PER CURIAM
 
September 2, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.